# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10506
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERDA E. BARON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-233-1

Before HIGGINBOTHAM, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Everda E. Baron appeals the 36-month, above-guidelines sentence imposed after she pleaded guilty to possession of counterfeit financial obligations. She challenges the procedural reasonableness of her sentence, arguing that the district court erroneously calculated the guidelines range by applying a two-level enhancement pursuant to U.S.S.G. § 2B1.1 (b)(11). That section authorizes a two-level enhancement if the defendant trafficked

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unauthorized or counterfeit "access devices."  § 2B1.1(b)(11).  As Baron concedes, our review is for plain error.  *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

The access devices at issue here are counterfeit American Express traveler's checks.  Although this court has determined that counterfeit or forged checks are not access devices under the definition set forth in 18 U.S.C. § 1029(e), this court has not addressed whether counterfeit traveler's checks are access devices under that section.  *See United States v. Hughey,* 147 F.3d 423, 433-36 (5th Cir. 1998).  Thus, any error was not plain or obvious.  *See United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009).

In addition, the record demonstrates that the district court imposed a non-guidelines sentence based on the 18 U.S.C. 3553(a) factors.  The district court's reasons show that the court imposed a non-guidelines sentence due to the nature and circumstances of the offense as well as to promote respect for the law, to provide just punishment, and to deter future criminal conduct.  Because the district court imposed a non-guidelines sentence based on the § 3553(a) factors, any error in the calculation of the guidelines range did not affect the actual sentence; thus, Baron cannot demonstrate that but for error, she would have received a lesser sentence.  *See United States v. Dickson*, 632 F.3d 186, 191 (5th Cir. 2011).

Accordingly, the judgment of the district court is AFFIRMED.